UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DAVID L. CHAPPLE,

                Plaintiff,              Case No. 1:11-cv-979

v.                                     Honorable Janet T. Neff

UNKNOWN WICKERINK et al.,

                Defendants.

_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Palmer. The Court will serve the complaint against Defendant Wickerink.

**Discussion**

I.       Factual allegations

Plaintiff is a state prisoner in the custody of the Michigan Department of Corrections (MDOC).  He is presently incarcerated at the Michigan Reformatory, where the events giving rise to his claims occurred.  Plaintiff sues the following employees of the Michigan Reformatory: Resident Unit Officer (RUO) Unknown Wickerink and Warden Carmen Palmer.

Plaintiff is a member of the Moorish Science Temple of America (MSTA).  He arrived at the Michigan Reformatory in February 2010.  RUO Wickerink is the regular officer assigned to his floor for the 6am to 2 pm shift.  On March 5, Plaintiff began attending MSTA meetings held every Friday from 8:15am to 9:15am.  Wickerink signed the "callout" sheet that allowed Plaintiff to leave the unit to attend his meeting.

On September 1, 2010, Plaintiff started a work assignment as a unit porter, and his work hours conflicted with the time of the MSTA meetings.  Whenever Plaintiff completed his work on Fridays, he would request a hand-written pass to attend the meetings.  Officer Wickerink wrote Plaintiff passes from September 2010 to February 2011, allowing him to leave work to attend the MSTA meetings.

From February to August 2011, Wickerink refused to write a pass for Plaintiffon approximately nineteen different occasions.  (*See* Compl. 5, docket #1 (listing dates).)  Other officers wrote Plaintiff passes on approximately six other occasions between April and August of 2011.

In April of 2011, Plaintiff filed a grievance regarding Wickerink's refusal to give Plaintiff a pass to attend the MSTA meetings.  Wickerink responded to the grievance stating that

Plaintiff is not on a callout list for MSTA meetings, and that Wickerink does not send prisoners out of the unit without a callout. Wickerink also stated that the "conflict" printouts showing when a prisoner's work assignment conflicted with a callout were not available to him. According to prison policies, prisoners are not released from work assignments to attend religious meetings. *See* MDOC Policy Directive 05.03.150 ¶ BB (eff. Sept. 20, 2007). Thus, the grievance reviewer concluded that Wickerink's actions did not violate prison policy.

Plaintiff appealed the grievance to step II and Defendant Palmer responded. She stated that Plaintiff did, in fact, have a callout for MSTA services, but the conflict sheets were not being routinely distributed; thus, she denied the grievance because Wickerink did not violate prison policies.

Plaintiff appealed the grievance to step III because Wickerink continued to deny Plaintiff a pass to attend the MSTA meeting. Plaintiff asserted in his appeal that the conflict list is available at the control center. According to Michigan Reformatory policy, officers issuing hand-written passes should call the control center to confirm that the prisoner has a callout.

Plaintiff contends that attendance at the MSTA meetings is a central tenet of his faith and that Wickerink arbitrarily decided when to allow Plaintiff to attend the religious meetings, in violation of Plaintiff's rights under the First Amendment. He also claims that Defendant Palmer failed to supervise Wickerink. As relief, Plaintiff seeks punitive damages against both Defendants as well as his court costs

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."). The court must determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at

1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a

right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his First Amendment right to practice his religion and his Fourteenth Amendment right to Equal Protection.

### A.     Defendant Palmer

Plaintiff fails to state a claim against Defendant Palmer because her only involvement is that she denied Plaintiff's grievance regarding Wickerink's conduct and she allegedly failed to supervise or direct that conduct, even after she became of aware of it through Plaintiff's grievance.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Palmer engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

**B.** **Defendant Wickerink**

Upon review, the Court concludes that Plaintiff's allegations are sufficient to warrant service of the complaint on Defendant Wickerink.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Palmer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Wickerink.

An Order consistent with this Opinion will be entered.

Dated: __October 19, 2011__                    __/s/ Janet T. Neff__
                                               Janet T. Neff
                                               United States District Judge