UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CHAPPLE,

    Plaintiff,                                                Case No. 1:11-cv-979

v                                                           HON. JANET T. NEFF

DANIEL WICKERINK,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his First Amendment right to freely exercise his religion, as well as his Fourteenth Amendment right to the equal protection of the laws (Dkt 1). Defendant moved for summary judgment of Plaintiff's complaint against him (Dkt 7). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on June 13, 2012, recommending that this Court grant Defendant's motion (Dkt 16). The matter is presently before the Court on Plaintiff's June 26, 2012 objections to the Report and Recommendation (Dkt 20). Also pending before the Court is Plaintiff's July 23, 2012 Motion to Delay Ruling on Magistrate's Report and Recommendation (Dkt 25), to which Defendant filed a Response (Dkt 28) and Plaintiff filed a Reply (Dkt 29); and Plaintiff's Motion to Compel Discovery and Production of Documents (Dkt 31). For the reasons described herein, the Court denies Plaintiff's motions. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those

1

portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. Plaintiff's Motion to Delay Ruling on Report and Recommendation (Dkt 25) and Motion to Compel Discovery and Production of Documents (Dkt 31)

Plaintiff has moved for this Court to delay its ruling on the Magistrate Judge's Report and Recommendation and also moved to compel discovery. Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Plaintiff's motions are filed too late. A motion for relief under Rule 56(d) must be filed *before* the deadline for submitting a response to the motion for summary judgment. *See, e.g., Kermode v. Univ. of Mississippi Med. Ctr.*, No. 3:09-CV-584, 2011 WL 2619096, at *8 (S.D. Miss. July 1, 2011). Furthermore, where, as here, a plaintiff "fails to invoke Rule 56(d) before the magistrate judge [and] instead files his motion in the district court after the magistrate judge's report and recommendation was filed, he waives any right to raise Rule 56(d) issues." *Peltier v. Macomb County, Mich.*, No. 10-CV-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011).

Even if Plaintiff had timely filed his motions to delay and compel discovery, Plaintiff has not demonstrated his entitlement to such relief. To obtain relief under Rule 56(d), a plaintiff must specify what discovery is sought, why such discovery has not previously been obtained, and how such discovery would create a factual dispute sufficient to defeat summary judgment. *See, e.g.*, *Pennsylvania Dep't of Public Welfare v. Sebelius*, 674 F.3d 139, 157 (3rd Cir. 2012); *Anthony v. Donahoe*, 460 F. App'x 399, 405 (5th Cir. 2012); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir.

2008). Plaintiff has failed to identify any good cause for his failure to previously obtain the discovery, nor has Plaintiff demonstrated how such discovery would create a factual dispute sufficient to defeat Defendant Wickerink's motion for summary judgment. The "mere hope that further evidence may develop prior to trial is an insufficient basis for continuance under [Rule 56(d)]." *Freeman v. ABC Legal Serv. Inc.*, 827 F. Supp. 2d 1065, 1078 (N.D. Cal. 2011). Accordingly, for the reasons articulated herein, Plaintiff's Motion to Delay Ruling on Magistrate's Report and Recommendation and his Motion to Compel Discovery and Production of Documents are both denied.

## II. Plaintiff's Objection to Report and Recommendation (Dkt 20)

Turning to Plaintiff's objections to the Report and Recommendation, Plaintiff does not dispute the Magistrate Judge's determination that "prison officials have a legitimate interest in ensuring the orderly and regulated movement of prisoners," nor does Plaintiff dispute the Magistrate Judge's determination that "there exists a valid, rational connection between this legitimate interest and the [Michigan Department of Corrections (MDOC)] policy" (Dkt 16 at 7; Dkt 20 at 8-9). Instead, Plaintiff asserts that the Magistrate Judge erred in relying on Defendant's assertion that his refusal to give Plaintiff a pass from work to attend worship services "was pursuant to policy" (Dkt 8-3 at 2; Dkt 16 at 7).

Plaintiff alleges that from September 1, 2010 to August 26, 2011, other officers gave him passes to attend services whereas Defendant did not (Dkt 20 at 4). Plaintiff asserts that "the Magistrate fact finding process failed to consider that either all the other officers willfully violated policy, or that they were able to verify plaintiff was on call" (*id.*). Plaintiff points to the Step II Grievance Appeal Response, in which Warden Palmer states that the "[e]vidence supports prisoner

Chapple is on callout out for MSTA religious services from Fridays from 0815 to 0915 hours" (Dkt 1-1 at 5).

Plaintiff's argument does not demonstrate any factual or legal error by the Magistrate Judge. The MDOC Policy Directive provides that "[p]risoners shall not be released from work … to attend group religious services or activities" (Dkt 8-3 at 9).  The fact that other officers allowed Plaintiff to have a pass to attend the Friday services does not alter the conclusion that Defendant's actions conformed with MDOC policy.  While Plaintiff contends that "it is unreasonable to believe that [the conflict pass system] operated everytime except for the (7) days that [Defendant] … refused to write me a pass" (Dkt 1-1 at 4), the Step II Grievance Appeal Response cited by Plaintiff in his complaint confirmed that "the conflict sheet was not routinely distributed by the RMI control center" (Dkt 1-1 at 5).  Furthermore, the warden confirmed that the "[e]vidence does not support RUO Wickerink violated any MDOC policy or procedure" (*id.*).  Therefore, Plaintiff's objection is denied.

Plaintiff also objects to the Magistrate Judge's determination that "Plaintiff could have chosen a prison job that did not interfere with his worship schedule" (Dkt 16 at 9; Dkt 20 at 4). Plaintiff claims that "it is not the job that interfered with Plaintiff's worship schedule but Defendant Wickerink" inasmuch as "the only Friday meetings that Plaintiff could not get a pass for [were] the 19 that Officer Wickerink refused to write one" (Dkt 20 at 4).  However, Plaintiff does not dispute that the decision to sign up for a work assignment that required him to work on Fridays was Plaintiff's decision.  The Court concludes that Plaintiff's argument again fails to demonstrate any factual or legal error by the Magistrate Judge requiring a disposition other than the recommended dismissal of Plaintiff's case.

4

### III.     Conclusion

This Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Motion to Delay Ruling on the Report and Recommendation (Dkt 25) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Compel Discovery and Production of Documents (Dkt 31) is DENIED.

**IT IS FURTHER ORDERED** that the Objections (Dkt 20) are DENIED and the Report and Recommendation (Dkt 16) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 7) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: September 28, 2012                           /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge